Marguerite A. AMASS, Defendant-Appellant,

v.

UNITED STATES of America, Plaintiff-Appellee.

No. 675, Docket 33548.

United States Court of Appeals Second Circuit.

Argued June 17, 1969.

Decided June 17, 1969.

Certiorari Denied Nov. 17, 1969.

See 90 S.Ct. 271.

Benjamin Vinar, New York City, for defendant-appellant.

Jerome C. Ditore, Asst. U. S. Atty. (Vincent T. McCarthy, U. S. Atty., for Eastern District of New York, Frank R. Natoli, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before HAYS and FEINBERG, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

Marguerite A. Amass appeals from a judgment of conviction in the United States District Court for the Eastern District of New York, Jacob Mishler, J., for six violations of mail fraud, 18 U.S. C. § 1341, and mail fraud by use of a fictitious name, 18 U.S.C. § 1342. While we affirmed this judgment in open court, we think it appropriate briefly to indicate the grounds on which we did so.

The issue before us is the admissibility of certain oral statements made by appellant in her home to two post office inspectors, who were investigating a complaint from Lord & Taylor, a department store, concerning parcels ordered through the mail but not paid for. As soon as the inspectors came to appellant's door, she stated that she had been "expecting this," and proceeded to tell them how she had been ordering merchandise through a fictitious name. Thereafter, appellant accompanied the inspectors to the General Post Office, Brooklyn, New York, and repeated her oral statements, but in greater detail, and reduced them to writing. While all of this took place in July 1963, two years before the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant's trial was not held until July 1968, when Miranda was effective. The trial judge, after hearing evidence and making appropriate findings, decided that the written statement should be excluded on the basis of Miranda but that the oral statements given in appellant's home were admissible because, inter alia, her admissions were made spontaneously without any questioning and she was not under restraint or custody at that time. This determination was correct, cf. United States v. Mackiewicz, 401 F.2d 219, 222–223 (2d Cir.), cert. denied, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 258 (1968); United States v. Dawson, 400 F.2d 194, 205–206 (2d Cir. 1968), cert. denied, 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969). Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969), relied on by appellant, is distinguishable because defendant there at the time of questioning had obviously been "deprived of his freedom of action" within the meaning of Miranda. While appellant also argues that all out of court confessions and admissions should be excluded from evidence in criminal cases, we do not understand that to be the present state of the law.

Benjamin Vinar, assigned counsel for appellant, is to be commended for his eloquent representation of appellant in this court.

* Of the District of Montana, sitting by designation.